UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STATE BANK OF TEXAS,  Case No.:

                     Plaintiff,

        -against-  **COMMERCIAL MORTGAGE FORECLOSURE COMPLAINT**

ROLL 60 STREET INC., 1118 60TH STREET, INC., SNW 59 LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY BUREAU OF HIGHWAY OPERATIONS, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, BAO ZHI LIU, CUI WEN LIU, RML 57 STREET INC.,

                     Defendants.
-----------------------------------------------------------------------X

Plaintiff STATE BANK OF TEXAS, by its attorneys BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, P.C., as and for its complaint against the defendants, alleges as follows:

## THE PARTIES

1. The Plaintiff, STATE BANK OF TEXAS (the "Plaintiff"), at all times relevant, was and still is a Texas state-chartered bank with a principal place of business at 11950 Webb Chapel Road, Dallas, Texas 75234.

2. Upon information and belief, at all times relevant, defendant ROLL 60 STREET INC. ("Roll 60") was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York. Roll 60 has a principal place of business at 819 52nd Street, Brooklyn, New York 11220.

3. Upon information and belief, at all times relevant, defendant 1118 60TH STREET, INC. ("1118 60th") was and still is a domestic corporation organized and existing pursuant to the

1

laws of the State of New York. 1118 60th has a principal place of business at 819 52nd Street, Brooklyn, New York 11220.

4. Roll 60 owns the real property and building known as 1106-1108 60th Street, Brooklyn, New York 11219 and also known as Block: 5717, Lot: 13 on the Tax Map of Kings County, City and State of New York (the "Hotel") by virtue of deed recorded in CRFN 2010000299689 at the New York City Register, Kings County (the Hotel is more particularly described in Schedule A attached as Exhibit "A")

5. 1118 60th owns the real property known as 1118 60th Street, Brooklyn, New York 11219 and also known as Block 5717, Lot 14 on the Tax Map of Kings County, City and State of New York ("Vacant Land") by virtue of deed recorded in CRFN 2015000411361 at the New York City Register, Kings County (the Vacant Land is more particularly described in Schedule A attached as Exhibit "A").

6. The Hotel and the Vacant Land are adjacent to each other (the Hotel and the Vacant Land are collectively, the "Properties").

7. Upon information and belief, at all times relevant, defendant SNW 59 LLC ("SNW") was and still is a limited liability company organized and existing pursuant to the laws of the State of New York. SNW has a principal place of business at 5602 8th Avenue, Brooklyn, New York 11220.

8. Upon information and belief, SNW may have an interest in the Properties based on a mortgage dated November 8, 2017 and recorded in the Office of the City Register, County of Kings on November 29, 2017 under CRFN 2017000436701, as more particularly set forth in the Mortgage Schedule annexed as Exhibit "B."

9. Upon information and belief, SNW may have an interest in the fixtures within the Hotel based on a UCC-1 financing statement dated November 8, 2017 and recorded in the Office

of the City Register, County of Kings on November 29, 2017 under CRFN 201700036704 (a copy of the SNW's UCC-1 is annexed as Exhibit "C").

10. Upon information and belief, SNW may have an interest in the fixtures on the Vacant Land based on a UCC-1 financing statement dated November 8, 2017 and recorded in the Office of the City Register, County of Kings on November 29, 2017 under CRFN 2017000436705 (a copy of the SNW's UCC-1 is annexed as Exhibit "D").

11. Upon information and belief, defendant New York City Environmental Control Board ("Environment") is an agency and/or instrumentality of the City of New York with a principal place of business at 66 John Street, New York 10038.

12. Upon information and belief, defendant Environment may have an interest in the Properties based on unpaid violations as more particularly set forth in the Schedule annexed as Exhibit "E."

13. Upon information and belief, defendant New York City Bureau of Highway Operations ("Highway") is an agency and/or instrumentality of the City of New York with a principal place of business at 40 Worth Street, New York, New York 10038.

14. Upon information and belief, defendant Highway may have an interest in the Properties based on unpaid sidewalk liens as more particularly set forth in the Schedule annexed as Exhibit "F."

15. Upon information and belief, New York State Department of Taxation and Finance ("NYS Tax") is an agency and/or instrumentality of the State of New York with a principal place of business at Building 9 W A Harriman Campus Albany NY 12227.

16. Upon information and belief, NYS Tax may have an interest in the Units based on unpaid franchise taxes.

17. Upon information and belief, defendant NEW YORK CITY DEPARTMENT OF FINANCE ("NYC") is an agency and/or instrumentality of the City of New York with a principal place of business at 66 John Street, 2nd Floor, New York 10038.

18. Upon information and belief, defendant NYC may have an interest in the Properties based on unpaid real estate taxes.

19. Upon information and belief, at all times relevant, defendant BAO ZHI LIU is a natural person over the age of 18 with a residential address at 819 52nd Street, Brooklyn, New York 11220.

20. Upon information and belief, at all times relevant, defendant CUI WEN LIU is a natural person over the age of 18 with a residential address at 819 52nd Street, Brooklyn, New York 11220.

21. Upon information and belief, at all times relevant, defendant RML 57 STREET INC. ("RML 57"), was and still is a New York State corporation organized and existing pursuant to the laws of the State of New York. RML 57 has a principal executive office at c/o Really Management, 819 52nd Street, Brooklyn, New York 11220.

**JURISDICTION AND VENUE**

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

23. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because this is the judicial district in which the Properties that are the subject of this action are located.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A. The Note And The Mortgage:**

24. On or about January 31, 2017, Borrower executed and delivered to Plaintiff an Amended and Reinstated Promissory Note for the sum of $4,000,000.00 (the "Note," a copy of which is annexed as Exhibit "H" and is hereby incorporated by reference).

25. As security for the repayment of the indebtedness evidenced by the Note, on or about January 31, 2017, Borrower executed and delivered to Plaintiff a Mortgage and Agreement of Modification and Extension of Mortgage (the "Mortgage"), secured by the Properties and the improvements and fixtures thereof (a copy of the Mortgage is annexed as Exhibit "I" and is hereby incorporated by reference).

26. The Mortgage was duly recorded in the Office of the City Register, County of Kings, on February 8, 2017 under CRFN 2017000056559 (see Mortgage annexed as Exhibit "I" and Mortgage Schedule annexed as Exhibit "B").

27. Plaintiff is the current owner and holder of the Note and Mortgage (collectively, the "Loan Documents") (see Exhibits "H" and "I").

**B. The Borrower's Obligations Under The Loan Documents:**

28. Pursuant to Paragraph 3 of the Note, the Borrower is required to make a monthly payment consisting of principal and interest (see Exhibit "H").

29. Pursuant to Paragraph 6 of Schedule B of the Mortgage, Plaintiff has been escrowing funds from the Borrower to pay insurance premiums, taxes and other charges payable (see Exhibit "I").

30. Pursuant to Paragraph 6(A) of the Note and Paragraph 24 of Schedule B of the Mortgage, the Borrower is required to pay a late charge of five percent (5%) on any overdue amount for any monthly payment not received within eleven (11) calendar days of its due date (see Exhibits "H" and "I").

C. **Event Of Default:**

31. Pursuant to Paragraph 6(B) of the Note and Paragraph 19 of Schedule B of the Mortgage, the Borrower's failure to fully pay each monthly payment within eleven (11) days of its due date constitutes an "Event of Default" (see Exhibits "H" and "I").

32. Since January 2018, the Borrower has failed to make monthly payments to Plaintiff due under the Loan Documents.

33. The Borrower's failure to make the monthly payments constitutes an Event of Default under Paragraph 6(B) of the Note and Paragraph 19 of Schedule B of the Mortgage (see Exhibits "H" and "I").

D. **Acceleration Of Debt Upon An Event Of Default:**

34. Pursuant to Paragraph 6(B) of the Note and Paragraph 19 of Schedule B of the Mortgage, an "Event of Default" entitles Plaintiff to accelerate and demand immediate payment of the full amount of the principal, interest, and all other sums due under the Loan Documents (the "Debt") (see Exhibits(see Exhibits "H" and "I").

35. By letter dated March 7, 2018, Plaintiff advised the Borrower of its defaults and further advised the Borrower that by reason of its defaults, Plaintiff was declaring the full amount of the Debt immediately due and payable (the Default Notice, Acceleration Notice and the affidavits of service and mailing are collectively annexed as Exhibit "J" and are hereby incorporated by reference).

36. To date, Borrower has not made any payment to Plaintiff to pay off the Debt.

### E. Plaintiff's Additional Remedies Upon An Event Of Default:

37. Pursuant to Paragraph 6(B) of the Note and Paragraph 20 of Schedule B of the Mortgage, the Plaintiff can charge Borrower default interest rate at twenty-four percent (24%) per annum upon an Event of Default (see Exhibits (see Exhibits "H" and "I").

38. Pursuant to Paragraph 4(d) of the Note and Paragraph 22 of Schedule B of the Mortgage, if the Borrower tenders payment of an amount that satisfies the Debt after an Event of Default, such payment by the Borrower is deemed a voluntary prepayment under the Note, and the Borrower is required to pay to Plaintiff a "Prepayment Consideration" calculated as 5% of the outstanding principal (see Exhibits (see Exhibits "H" and "I").

### F. The Mortgage Is Not A Home Loan:

39. The Mortgage is not a "home loan" as defined under New York State Real Property Actions and Proceedings Law ["RPAPL"] § 1304(6) because the Borrower is not a natural person and the Mortgage is commercial in nature.

40. Because the Mortgage is not a "home loan," Plaintiff is not required to mail a ninety-day notice to the Borrower pursuant to RPAPL § 1304.

41. Because the Mortgage is not a "home loan," Plaintiff is not required to file the mailing of the ninety-day notice with the superintendent of financial services pursuant to RPAPL § 1306.

42. The Mortgage does not fall within the definition of a "high-cost home loan" under New York State Banking Law ["Banking Law"] § 6-l.

43. The provisions of Banking Law § 6-l are inapplicable.

44. The Mortgage does not fall within the definition of a "subprime home loan" under Banking Law § 6-m.

45. The provisions of Banking Law § 6-m are inapplicable.

46. Plaintiff has complied with the provisions of Banking Law § 595-a.

### PLAINTIFF'S SECONDARY SECURITY INTERESTS IN THE PROPERTIES

**A. Collateral Mortgage:**

47. On or about January 31, 2017, defendant RML 57 executed and delivered to Plaintiff a Consolidated, Amended and Reinstated Promissory Note for the sum of $4,700,000.00 ("Collateral Note").

48. As additional security for the repayment of the Collateral Note, Defendants Roll 60 and 1118 60th executed and delivered to Plaintiff a Collateral Mortgage dated January 31, 2017, which was recorded against the Properties at the New York City Register on February 9, 2017 at CRFN: 2017000056871 (the "Second Mortgage") (see Exhibit "B").

**B. UCC-1 Financing Statement:**

49. Plaintiff has an interest in the fixtures within the Properties based on a UCC-1 financing statement dated November 8, 2017 and recorded in the Office of the City Register, County of Kings on February 8, 2017 under CRFN 2017000056562 (a copy of the UCC-1 is annexed as Exhibit "G").

### AS AND FOR A FIRST CAUSE OF ACTION

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "49" of the Complaint as though fully set forth at length herein.

51. Plaintiff requests the defendants and all persons claiming by, through or under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently

recorded, may be barred and forever foreclosed of all right, claim, lien, or interest, or equity of redemption in and to the Properties.

52. Plaintiff requests that said Properties, or such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law.

53. Plaintiff requests that out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts then due on the Note and Mortgage and any sum which may have been paid by the Plaintiff to protect the lien of Plaintiff's Mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the mortgage, rider or other agreement, so far as the amount of such money properly applicable thereto will pay the same.

54. Plaintiff requests that upon foreclosure and sale, the Properties be sold subject to: (a) any state of facts an accurate survey may show (b) any covenants, restrictions, reservations, easements and agreements, if any, of record; (c) any violations of such covenants, restrictions, reservations, easements and agreements; (d) any building restrictions and the Zoning Resolution of New York City; (e) any existing tenancies, except such tenants as are party defendants to this action; and (f) all the covenants, conditions, obligations and burdens imposed by the Declaration establishing a plan for condominium ownership and other regulations filed or recorded in connections therewith, but only to the extent accepted by or consented to by the Plaintiff or its assignor, or which may have preceded the Mortgage and which have not been modified thereby.

55. In the event that Plaintiff possesses any other lien(s) against the Properties either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not

be merged in Plaintiff's causes of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce such other lien(s), if any, and seek determination of priority thereof in one or more independent action or proceeding, including without limitation any surplus money proceedings.

56. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment or performance, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the Loan Documents and occurring prior to the discontinuance of this action are fully paid and cured.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "56" of the Complaint as though fully set forth at length herein.

58. Pursuant to Paragraph 6(D) of the Note and Paragraph 23(e) of Schedule B of the Mortgage, the Borrower is required to pay Plaintiff's attorneys' fees, costs and disbursements in connection with enforcing the Loan Documents (see Exhibits "H" and "I").

59. As a result of the Borrower's breach of the Loan Documents, the Mortgagor is liable to Plaintiff for attorneys' fees, costs and disbursements incurred and that shall continue to accrue during the pendency of this action, with interest thereon.

60. Plaintiff requests that any sums paid by the Plaintiff as attorneys' fees, costs and disbursements shall be added to the sum otherwise due and be deemed secured by the Mortgage and be adjudged a valid lien on the Properties, the amount of which will be determined by the Court.

## AS AND FOR A THIRD CAUSE OF ACTION

61. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "60" of the Complaint as though fully set forth at length herein.

62. New York Real Property Law § 291 states in pertinent part:

> A conveyance of real property, within the state, on being duly acknowledged by the person executing the same, or proved as required by this chapter, and such acknowledgment or proof duly certified when required by this chapter, may be recorded in the office of the clerk of the county where such real property is situated, and such county clerk shall, upon the request of any party, on tender of the lawful fees therefor, record the same in his said office. Every such conveyance not so recorded is void as against any person who subsequently purchases or acquires by exchange or contracts to purchase or acquire by exchange, the same real property or any portion thereof, or acquires by assignment the rent to accrue therefrom as provided in section two hundred ninety-four-a of the real property law, in good faith and for a valuable consideration, from the same vendor or assignor, his distributees or devisees, and whose conveyance, contract or assignment is first duly recorded, and is void as against the lien upon the same real property or any portion thereof arising from payments made upon the execution of or pursuant to the terms of a contract with the same vendor, his distributees or devisees, if such contract is made in good faith and is first duly recorded. Notwithstanding the foregoing, any increase in the principal balance of a mortgage lien by virtue of the addition thereto of unpaid interest in accordance with the terms of the mortgage shall retain the priority of the original mortgage lien as so increased provided that any such mortgage instrument sets forth its terms of repayment.

63. Plaintiff's Mortgage is superior to all of the defendants' interests in the Unit, except for New York City Department of Finance.

64. Upon information and belief, Defendants contest their priority of liens on the Properties.

65. There now exists a justiciable controversy for which Plaintiff has no adequate remedy at law.

66. Plaintiff has taken no action which would preclude it from requesting equitable relief.

67. Plaintiff requests a declaratory judgment declaring that Plaintiff's Mortgage is superior to all of the defendants' interests in the Properties, except for New York City Department of Finance.

**AS AND FOR A FOURTH CAUSE OF ACTION**

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "67" of the Complaint as though fully set forth at length herein.

69. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against the Borrower in the amount of the difference between the total sale price of the Properties and the amount of Debt.

**AS AND FOR A FIFTH CAUSE OF ACTION**

70. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "69" of the Complaint as though fully set forth at length herein.

71. On or about January 31, 2017, defendant Bao Zhi Liu entered into a guaranty agreement ("Guaranty 1") whereby he agreed to be personally liable for all of Borrower's payment and performance obligations under the Loan Documents (a copy of Bao Zhi Liu's guaranty agreement is annexed as Exhibit "K" and is hereby incorporated by reference).

72. Defendant Bao Zhi Liu breached Guaranty 1 by failing to make payment to Plaintiff after the Borrower's default.

73. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against defendant Bao Zhi Liu in the amount of the difference between the total sale price of the Properties and the amount of Debt.

## AS AND FOR A SIXTH CAUSE OF ACTION

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "73" of the Complaint as though fully set forth at length herein.

75. On or about January 31, 2017, defendant Cui Wen Liu entered into a guaranty agreement ("Guaranty 2") whereby she agreed to be personally liable for all of Borrower's payment and performance obligations under the Loan Documents (a copy of Cui Wen Liu's guaranty agreement is annexed as Exhibit "L" and is hereby incorporated by reference).

76. Defendant Cui Wen Liu breached Guaranty 2 by failing to make payment to Plaintiff after the Borrower's default.

77. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against defendant Cui Wen Liu in the amount of the difference between the total sale price of the Properties and the amount of Debt.

## AS AND FOR AN SEVENTH CAUSE OF ACTION

78. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "77" of the Complaint as though fully set forth at length herein.

79. On or about January 31, 2017, defendant RML 57 entered into a guaranty agreement ("Guaranty 3") whereby it agreed to be personally liable for all of Borrower's payment and performance obligations under the Loan Documents (a copy of guaranty agreement of Roll 60 and 1118 60th is annexed as Exhibit "M" and is hereby incorporated by reference).

80. Defendant RML 57 breached Guaranty 3 by failing to make payment to Plaintiff after the Borrower's default.

81. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against defendant RML 57 in the amount of the difference between the total sale price of the Properties and the amount of Debt.

82. No other action is currently pending at law, or otherwise, for the recovery of the sum of any part thereof secured by the Loan Documents by Plaintiff against the Borrower.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

As to the First Cause of Action:

a. That the Defendants and each of them and all persons under the Defendants claiming under them or any of them, subsequent to the commencement of this action and the filing of the notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Unit and each and every part and parcel thereof; and

b. That the Unit be sold according to law and subject to: any state of facts an accurate survey may show; covenants, restrictions, reservations, easements and agreements of record, if any; any violation of such covenants, restrictions, reservations, easements and agreements of record; any building restrictions and Zoning Resolution of New York City and to any violations thereof; conditional bills of sale, security agreements and financing statements properly filed in connection with the Unit, and not barred or foreclosed by this action, if any; the lien of the unpaid balance due on a prior first mortgage of record, if any; the lien of any unpaid real estate taxes as of the date of sale; existing tenancies, except such tenants as are parties to this action; and all covenants, conditions, obligations and burdens imposed by the declaration establishing a plan for condominium ownership and the By-Laws and other regulations filed or recorded in connections therewith, and that the moneys arising from the sale thereof be brought into Court; and

c. That this Court forthwith appoint a Receiver of rents and profits of said Unit during the pendency of this action with the usual powers and duties, including specifically, but not limited to, the power to rent the Unit and to collect rents thereon;

d. That the Plaintiff be paid the amount due, as set forth herein, with interest at the time of such payments, together with any moneys advanced and paid to protect the Lien of the Plaintiff, including the taxes, common charges, assessments, insurance premiums, and all other charges and liens thereon to be paid to protect the Plaintiff's Lien including interest and principal installments on prior mortgages, if any, with interest upon said amounts from the dates of their respective advances and payments; and

e. That the Unit Owner be adjudged to pay the whole residue or so much thereof as the Court may determine to be just and equitable of the debt remaining unsatisfied after a sale of the premises and application of the proceeds pursuant to the directions contained in such judgment; and

### As to the Second Cause of Action:

f. That the Plaintiff recover judgment for the cost and expenses of this action through and including the sale of the Properties at foreclosure, including specifically, but not limited to, attorney's fees, disbursements and costs, with interest thereon, and that said judgment shall be paid out of the proceeds of the sale of the Unit in the context of the foreclosure; and

### As to the Third Cause of Action:

g. That Plaintiff's Mortgage be declared to be superior to all of the Defendants' interests in the Unit, except for New York City Department of Finance; and

### As to the Fourth Cause of Action:

h. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against the Borrower in the amount of the difference between the total sale price of the Properties and the amount of Debt; and

### As to the Fifth Cause of Action:

i. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against defendant Bao Zhi Liu in the amount of the difference between the total sale price of the Properties and the amount of Debt; and

### As to the Sixth Cause of Action:

j. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against defendant Cui Wen Liu in the amount of the difference between the total sale price of the Properties and the amount of Debt; and

### As to the Seventh Cause of Action:

k. In the event that the proceeds of the sale of the Properties are not sufficient to satisfy the entire Debt, Plaintiff requests a deficiency judgment against defendants Roll 60 and 1118 60th in the amount of the difference between the total sale price of the Properties and the amount of Debt; and

### As to All Causes of Action:

l. Granting such other and further relief as to this Court may seem just, proper and equitable, including costs and disbursements as are prescribed by statute.

Dated: New York, New York
May 29, 2018

        Yours, etc.,

        BORAH, GOLDSTEIN, ALTSCHULER,
        NAHINS & GOIDEL, P.C.

        By: ___s/ Anna Guiliano_____
            ANNA GUILIANO
            Attorneys for Plaintiff
            377 Broadway
            New York, New York 10013
            (212) 431-1300 ext. 628